# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E. PELLUM, SR., | Case No. 1:13-cv-001501-AWI-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH 30 DAYS LEAVE TO AMEND** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Jason E. Pellum, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this action against the California Department of Corrections and Rehabilitation. Plaintiff filed a complaint on August 1, 2013, which was transferred to this division of the U.S. District Court for the Eastern District of California on September 17, 2013. (Doc. 6.)

## II. BACKGROUND

The basis of Plaintiff's complaint is difficult to understand, but it appears related to his interactions with his parole agents and the conditions of his parole. Plaintiff alleges that since March 13, 2013, he has been assigned four parole agents. (Doc. 1, p. 2.) He contends that "[p]resently what I have been faced with from the California Department of Corrections and Rehabilitation . . . is a big inconsistency issue that bring[s] about dialogue which turns

confrontational when the questionable usage of inappropriate language becomes an issue." (Doc. 1, p. 2.) Another "issue" is "the monthly periodic specimen testing that [Plaintiff] find[s] to be self incriminating." Plaintiff also asserts that he is "filing this case on [the] basis of discrimination along with the threats of incarceration." (Doc. 1, p. 3.)

Plaintiff also alleges that an incident occurred when he went to the parole office to speak with his agent about placing him in a sober living community or residential program. He alleges he was told that a warrant would be issued for his arrest if he did not report to an unidentified person's office by 4 p.m. that day and that he was to submit a urine sample. (Doc. 1, p. 4.) Plaintiff contends that the parole process is mishandled and things "slip through the cracks." (Doc. 1, p 5.)

Plaintiff seeks the immediate discharge of his state parole, an award of $500,000 in lost wages, and the exclusion of submitting a urine specimen until this case is resolved. (Doc. 1, p. 8.)

### III. DISCUSSION

**A.   Screening Standard**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**B.     Plaintiff's Complaint Does Not State a Cognizable Claim**

Plaintiff does not state a legal basis for his claims, and the facts alleged make it difficult to ascertain the precise nature of the conduct Plaintiff contends is wrongful. Although Plaintiff makes a claim that he has been subject to discrimination, there are no facts establishing the nature of any discrimination. Plaintiff states that the urine specimens he is required to provide are self-incriminating, but he provides no factual details supporting this statement nor does he identify any legal basis for a claim arising out of this apparent parole requirement. In short, Plaintiff's complaint does not provide a plain and understandable statement of his claim or claims showing that he is entitled to relief; therefore, Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a).

**C.     Plaintiff Shall File An Amended Complaint**

Accordingly, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND. Plaintiff will be given an opportunity to amend the deficiencies of the complaint. If Plaintiff chooses to file a second amended complaint, it should contain an explanation of which federal rights or laws were allegedly breached, how those breaches occurred, and set forth facts establishing the basis of Plaintiff's claims.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

## IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend; and

2. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 15, 2013**         **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE

4